Steven A. Caloiaro (Bar No. 284410)
scaloiaro@dickinson-wright.com
Dickinson Wright PLLC
100 West Liberty Street, Suite 940
Reno, NV 89501
Tel: (775) 343-7506
Fax: (844) 670-6009

John S. Artz (*Pro Hac Vice forthcoming*)
jsartz@dickinsonwright.com
Dickinson Wright PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
Tel: (248) 433-7200
Fax: (844) 670-6009

*Attorneys for Defendant Ontel Products Corporation*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| GUY A. SHAKED INVESTMENTS LTD. and DAFNI HAIR PRODUCTS, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ONTEL PRODUCTS CORPORATION, <br><br> Defendant. | Case No.: 2:19-cv-10592-AB-MAA <br><br> **DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(3), OR IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1406(a)** <br><br> Judge: Hon. André Birotte, Jr. <br> Hearing date: March 20, 2020 <br> Hearing time: 10:00 a.m. <br> Courtroom: 7B |

**NOTICE OF DEFENDANT ONTEL PRODUCTS CORPORATION'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(3), OR IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1406(a)**

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 20, 2020 at 10:0 a.m. in Court Room 7B, Defendant Ontel Products Corporation ("Ontel"), will and hereby does move to dismiss the Plaintiffs' Complaint or, in the alternative, to transfer venue in the interest of justice to the District of New Jersey.

Ontel's motion is made pursuant to, and is based upon this Notice, the attached Memorandum of Points and Authorities, all papers and pleadings on file in this action, and on such other and further evidence and argument the Court may consider at or before the hearing on this matter.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 14, 2020. The conference took place telephonically due to the geographically diverse location of counsel. During the call Plaintiff's counsel was presented the information and the substantive basis of the instant Motion. Plaintiff's counsel did not agree to either dismiss or transfer the action.

DATED: February 18, 2020

DICKINSON WRIGHT PLLC

/s/ Steven A. Caloiaro
Steven A. Caloiaro, Bar No. 284410
scaloiaro@dickinsonwright.com
Dickinson Wright PLLC
100 W. Liberty Street, Suite 940
Reno, NV 89501
Tel.: (775) 343-7500
Fax: (844) 670-6009

John S. Artz (*Pro Hac Vice forthcoming*)
jsartz@dickinsonwright.com
Dickinson Wright PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
Tel: (248) 433-7200
Fax: (844) 670-6009

*Attorneys for Defendant Ontel Products Corp.*

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. STATEMENT OF FACTS ....................................................................................1

III. ARGUMENT..........................................................................................................3

   A. Legal Standard..................................................................................................3

   B. This Court Should Dismiss Plaintiffs' Complaint or, Alternatively, Transfer Venue Because Venue is Not Proper in this District. ......................................4

      1. Venue is not proper in this District because Ontel Corp. has no regular and established place of business in this District..............................................4

      2. Plaintiffs fail to allege any accurate facts that show venue is proper in this District. ..........................................................................................................5

IV. CONCLUSION ...................................................................................................... 6

# TABLES OF AUTHORITIES

**Federal Cases**

*Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996) ............................... 4

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013) ................................................................................................................................ 6

*In re ZTE (USA) Inc.*, 890 F.3d 1008, 1014 (Fed. Cir. 2018) ........................................... 4

*Int'l Techs. & Sys. Corp. v. Samsung Elecs. Co. Ltd*, No. SACV171748DOCJDEX, 2018 WL 4963129 (C.D. Cal. June 22, 2018) ............................................................... 5

*Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922 (E.D. Tex. 2017) ................. 5

*Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979) ...... 3

*TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1518 (2017) 3, 4

*Welch Scientific Co. v. Human Engineering Institute Inc.*, 416 F.2d 32 (7th Cir. 1969) .. 5

*Westech Aerosol Corp. v. 3M Company*, 927 F.3d 1378 (Fed. Cir. 2019) ....................... 6

**State Cases**

1391(c) ............................................................................................................................. 1

28 U.S.C. § 1400(b) ............................................................................................. 1, 3, 4, 6

28 U.S.C. §§ 1391(b) ....................................................................................................... 1

28 U.S.C. §1406(a) .............................................................................................. 1, 3, 4, 6

**Federal Statutes**

Fed. R. Civ. P. 12(b)(3) ............................................................................................ 1, 3, 6

## I. INTRODUCTION

On December 19, 2019, Guy A. Shaked Investments, Ltd. ("Shaked") and Dafni Hair Products, Ltd. ("Dafni") (collectively, the "Plaintiffs") initiated this action with the U.S. District Court for the Central District of California, alleging that Ontel Products, Corporation ("Ontel Corp.") infringed a number of its patents related to a hand-held straightening hairbrush called the Dafni Brush. Plaintiffs allege that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because Ontel Corp. has a regular and established place of business in Pacoima, California. (Complaint, ¶12). However, this allegation is false and venue is not proper in this district.

Venue is not proper in this district because Ontel Corp. is organized under the laws of New Jersey—not California—and does not maintain a "regular and established place of business" anywhere in the State of California. *See* 28 U.S.C. § 1400(b). To that, Ontel Corp. has no office, employees, or place of business anywhere in the State of California. It does not own, rent, or lease property in California. In 2002, a different entity, Ontel Products, LLC ("Ontel LLC"), reported to the Office of the Secretary of State of the State of California that its principal executive office was located in San Marcos, California; however, Ontel LLC is not the named defendant in this action, and was dissolved on July 30, 2008.

Accordingly, this Court must dismiss Plaintiffs' Complaint for lack of venue pursuant to Fed. R. Civ. P. 12(b)(3) or, alternatively, transfer this case in the interest of justice to the District of New Jersey pursuant to 28 U.S.C. §1406(a).

## II. STATEMENT OF FACTS

Plaintiffs allege that Ontel Corp. willfully infringed a number of Plaintiffs' patents related to a hand-held straightening hairbrush called the Dafni Brush. The Dafni Brush is a "ceramic heated straightening brush." (Complaint, ¶18). The Dafni Brush, allegedly, utilizes "[t]hree-dimensional heated elements protruding from a heated plate on the face of the brush." (Complaint, ¶20). Plaintiffs allege that Ontel Corp. infringed certain claims of the patents related to the Dafni Brush, specifically, U.S. Patent Nos. D817,007

(the "D'007 Patent"); 9,578,943 (the "'943 Patent"); 9,591,906 (the "'906 Patent"); and 9,877,562 (the "'562 Patent")(collectively, the "Patents-in-Suit"). (Complaint, ¶7).

According to Plaintiffs, Ontel Corp.'s alleged infringement occurred within the State of California, such that venue is proper in this District. Specifically, Plaintiffs allege that Ontel Corp. "has a regular and established place of business at 12154 Montague Avenue, Pacoima, California." (Complaint, ¶12). Furthermore, Plaintiffs allege that venue is proper,

> …because, among things, […] (i) Ontel has a regular and established place of business in Pacoima, California; (ii) Ontel has done and continues to do business in California; and (iii) Ontel has committed and continues to commit acts of patent infringement in the State of California, including by making, using, offering for sale, and/or selling accused products and services in this District, and/or inducing others to commit acts of patent infringement in this District. (Complaint, ¶15).

Plaintiffs' allegations are false. Not only does Ontel Corp. have **no office or place of business in this District**, Ontel Corp. has **no office or place of business in the entire State of California**. (Declaration from Ontel representative Caroline Kinsey, attached as **Exhibit 1**). Ontel Corp. has no office, employees, or place of business anywhere in the State of California. *Id.* It does not own, rent, or lease property in California. *Id.* Furthermore, it is undisputed that Ontel Corp. is organized under the laws of New Jersey. (Complaint, ¶ 12; see also **Exhibit 1**). As such, venue is clearly not proper in this District under 28 U.S.C. § 1400(b).

It appears that Plaintiffs may have confused the named defendant in this suit, Ontel Corp., with a different entity, Ontel Products, LLC ("Ontel LLC"). Ontel LLC was organized in 1997 under the laws of California, and, in 2002, reported to the Office of the Secretary of State of the State of California that its principal executive office was located in San Marcos, California. (Ontel LLC Registration, attached as **Exhibit 2**; Ontel LLC Statement of Information, attached as **Exhibit 3**). However, Ontel LLC was dissolved on July 30, 2008. (Certification of Cancellation, attached as **Exhibit 4**). As such, Ontel LLC no longer exists and, therefore, has had no physical presence in the State of

California for over a decade.

On November 08, 2005, Ontel Corp. filed a Statement and Designation by Foreign Corporation ("Statement") with the Office of the Secretary of State of the State of California. In its Statement, Ontel Corp. represented its principal executive office was located in Fairfield, New Jersey. (Statement, attached as **Exhibit 5**). It also wrote "N/A" beside the line requesting the address of Ontel's principal office in the State of California. *Id.* At no point has Ontel Corp. represented to the State of California that it has a principal office, or any office, in the State of California. (**Exhibit 1**).

It is clear that Ontel Corp. does not have a regular and established place of business in the State of California. Therefore, this Court must dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(3), or, alternatively transfer this action in the interest of justice to the District of New Jersey pursuant to 28 U.S.C. §1406(a).

### III. ARGUMENT

#### A. Legal Standard

Venue in patent cases is governed exclusively by 28 U.S.C. § 1400(b), which states that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." *Id. See TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1518 (2017). For purposes of this statute, "resides," as applied to a domestic corporation, refers to its place of incorporation. *TC Heartland*, 137 S. Ct. at 1517.

The Federal Rules of Civil Procedure provide "an avenue by which a party can seek to dismiss a lawsuit for improper venue." *See* Fed. R. Civ. P. 12(b)(3). Once venue has been challenged, the plaintiff bears the burden to show that venue is otherwise proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979); *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1014 (Fed. Cir. 2018). When considering a motion to dismiss for improper venue, a court need not accept the pleadings as true and may consider facts outside of the pleadings. *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d

320, 324 (9th Cir. 1996). Where venue is improper, the case must be dismissed or, "if it be in the interest of justice," transferred to a district where the case could have been brought. 28 U.S.C. § 1406(a).

### B. This Court Should Dismiss Plaintiffs' Complaint or, Alternatively, Transfer Venue Because Venue is Not Proper in this District.

#### 1. *Venue is not proper in this District because Ontel Corp. has no regular and established place of business in this District.*

Plaintiffs must establish that venue is proper in this patent infringement suit by either showing that Ontel Corp. (i) resides in the district; or (ii) "committed acts of infringement and has a regular and established place of business [in the district]."[1] 28 U.S.C. § 1400(b). A domestic corporation resides only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1517. It is undisputed that Ontel Corp. is organized under the laws of New Jersey,[2] thus Plaintiffs rely on the second prong of §1400(b) to establish venue, alleging that Ontel Corp. committed acts of infringement and has a regular and established place of business in this District. (Complaint, ¶15). However, Plaintiffs' reliance is misplaced as venue is not proper in this District.

Plaintiffs fail to establish that venue is proper in this District because Ontel Corp. has no regular and established place of business in this District, or the State of California. Ontel Corp. has no office, employees, or place of business anywhere in the State of California, and it does not own, rent, or lease property in California. (**Exhibit 1).** As explained, it appears that Plaintiffs may have confused the named defendant in this suit, Ontel Corp., with Ontel LLC. Although Ontel LLC was organized in California and reported to the Office of the Secretary of State of the State of California that its principal executive office was located in San Marcos, California, Ontel LLC was dissolved on July

---

[1] Plaintiffs allege that venue is proper in this District "pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b)…" (Complaint, ¶15). However, venue in patent cases is governed exclusively by 28 U.S.C. § 1400(b). *See TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1518 (2017). As such, Plaintiff's reliance on general venue statutes 28 U.S.C. §§ 1391(b) and 1391(c) is misplaced and is insufficient to establish that venue is proper in this District in this patent infringement action.

[2] *See* Complaint, ¶ 12; **Exhibit 1**.

4

30, 2008. (**Exhibits 3 & 4**). As such, Ontel LLC no longer exists and, therefore, has had no physical presence in the State of California for over a decade.

Courts determine whether venue in a patent infringement action is proper either: (1) as of the date the suit is filed; or (2) as of the date the cause of action accrued. *See Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 930 (E.D. Tex. 2017)(holding that venue under §1400(b) is analyzed as of the date suit is filed); *c.f., Welch Scientific Co. v. Human Engineering Institute Inc.*, 416 F.2d 32 (7th Cir. 1969)(holding that "venue is proper as long as the defendant had a regular and established place of business at the time the cause of action accrued and suit was filed a reasonable time thereafter."). Though neither the Federal Circuit nor the Central District of California has definitively determined when venue is determined[3], venue is improper in this case under either test because: (1) Plaintiffs claim that Ontel Corp.'s alleged infringement began no earlier than 2015, (Complaint, ¶¶ 34-36); and (2) the earliest patent-in-suit was issued in 2017 (Complaint, ¶¶ 28-31). As such, venue was not proper in this case when the Plaintiffs' claims accrued or when the Complaint was filed. Therefore, this case should be dismissed or, alternatively, transferred in the interest of justice to the District of New Jersey pursuant to 28 U.S.C. §1406(a).

    **2.** *Plaintiffs fail to allege any accurate facts that show venue is proper in this District.*

Absent Plaintiffs' false allegation that Ontel Corp. maintains "a regular and established place of business at 12154 Montague Avenue, Pacoima, California" (Complaint, ¶12), the Complaint is void of any factual allegations that venue is proper in this district. Instead, Plaintiffs merely parrot the language of 28 U.S.C. §1400(b). The Federal Circuit has made clear that simply stating that a defendant has "a regular and established place of business within the judicial district, without more, amounts to a mere

---

[3] But *see Int'l Techs. & Sys. Corp. v. Samsung Elecs. Co. Ltd*, No. SACV171748DOCJDEX, 2018 WL 4963129, at *10 n.2 (C.D. Cal. June 22, 2018), adopting the *Personal Audio* holding that venue under §1400(b) is analyzed as of the date suit is filed as dicta in a footnote.

legal conclusion that the court is not bound to accept as true [… and] is insufficient to survive a motion to dismiss for improper venue." *Westech Aerosol Corp. v. 3M Company*, 927 F.3d 1378, 1382 (Fed. Cir. 2019). The presumption of truth given to allegations contained in a complaint does not displace or "supplant a plaintiff's burden to plead specific facts showing that the defendant has a regular and established place of business physically located in the judicial district." *Id.* Whereas the Federal Circuit in *Westech* held that the district court did not err in dismissing the plaintiff's complaint for failing to allege facts to prove proper venue, this Court should dismiss Plaintiffs' Complaint for the same. *Id.*

It is clear that Ontel Corp. does not have a regular and established place of business in the State of California. Therefore, this Court must dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(3), or, alternatively transfer this action in the interest of justice to the District of New Jersey pursuant to 28 U.S.C. §1406(a). If the Court, in its discretion, chooses not to transfer this action, it must dismiss the case. *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013)("if […] venue is improper, […] the case ***must be dismissed or transferred*** under § 1406(a)."(emphasis added)).

## IV. CONCLUSION

For the foregoing reasons, this Court should grant Ontel Corp.'s Motion and order that Plaintiffs' Complaint be dismissed or, alternatively, transfer venue in the interest of justice to the District of New Jersey.

DATED: February 18, 2020

DICKINSON WRIGHT PLLC

　/s/ Steven A. Caloiaro　
Steven A. Caloiaro, Bar No. 284410
scaloiaro@dickinsonwright.com
Dickinson Wright PLLC
100 W. Liberty Street, Suite 940
Reno, NV 89501
Tel.: (775) 343-7500

*Attorneys for Defendant*